# Exhibit 1

2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2181CV01180 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Carlos Colon | COUNTY |
|---|---|
| ADDRESS: 44 Collins Drive East Hampstead, NH 03826-5051 | Middlesex |
| | DEFENDANT(S): Evoqua Water Technologies, LLC 210 6th Avenue, Suite 3300 Pittsburgh, PA 15222 |
| ATTORNEY: John B. DiSciullo | |
| ADDRESS: Mitchell & DeSimone 101 Arch Street Boston, MA 02110 | ADDRESS: |
| BBO: 634662 | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. B04 | TYPE OF ACTION (specify) Negligence/Personal Injury | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $ 24,985.38
2. Total doctor expenses .................................................. RECEIVED ............ $
3. Total chiropractic expenses ............................................................... $
4. Total physical therapy expenses ............................................................... $ 31,687.40
5. Total other expenses (describe below) ............................................................... $ 1,863.92
   Acupuncture, fire                                    5/26/2021          JP     Subtotal (A): $
B. Documented lost wages and compensation to date ............................................................... $ to be determined
C. Documented property damages to dated ............................................................... $
D. Reasonably anticipated future medical and hospital expenses ............................................................... $ Unknown
E. Reasonably anticipated lost wages ............................................................... $ Unknown
F. Other documented items of damages (describe below) ............................................................... $ 3,000,000.00
   Permanent foot injury due to lisfranc fracture

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Lisfranc injury resulting in permanent disability

TOTAL (A-F):$ 3,056,672.78

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                    Date: 5/26/21

1

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                            SUPERIOR COURT
                                          CIVIL ACTION NO.   2181CV01180

CARLOS COLON                        )          **RECEIVED**
        Plaintiff                   )
                                    )
v.                                  )          5/26/2021
                                    )
EVOQUA WATER TECHNOLOGIES, LLC      )                    JP
        Defendant                   )

### COMPLAINT AND DEMAND FOR JURY TRIAL

#### PARTIES

1.    The plaintiff, Carlos Colon ("Colon"), is an individual of majority age and resides at 44
      Collins Drive, Town of East Hempstead, State of New Hampshire.

2.    The Defendant, Evoqua Water Technologies, LLC ("Evoqua") is a Pennsylvania
      corporation with a principal place of business located at 210 6th Avenue, Suite 3300,
      Pittsburgh, Pennsylvania and a local address of 588 Clark Road, Town of Tewksbury,
      State of Massachusetts.

#### FACTS

3.    Evoqua manufactures water treatment products for the electronics and pharmaceutical
      industries, and utilizes warehouse facilities as part of its operations.

4.    In early to mid-2018, Evoqua retained a staffing company called Kelly Services, Inc.
      ("Kelly") to supply labor for its 89,000 square foot warehouse in Tewksbury
      Massachusetts (the "Evoqua Warehouse").

5.    Beginning in May 2018, Colon was employed by Kelly, and was assigned to work as a
      "pick and pack" worker at the Evoqua Warehouse.

6.    Evoqua assigned certain agents, servants and employees, including "Mike" and "Rob", to
      train and advise Colon with respect to certain tasks to be performed by Colon at the
      Evoqua Warehouse.

7.    Among the tasks to be performed by Colon included the driving of material handling
      equipment to transport stored items.

8.    The material handling equipment utilized by Evoqua included a stand-up forklift.

9.   Evoqua knew at all pertinent times that Colon had no training or experience in the operation and use of a stand-up forklift prior to working at the Evoqua Warehouse.

10.  Evoqua, along with its agents, servants and employees knew or should have known that the stand-up forklift could not be safely operated by Colon without first providing him with adequate training in how to operate it along with a description of the safety hazards and warnings associated with the stand-up forklift.

11.  Evoqua's agents, servants and employees were responsible for providing the training, operating instructions and a description of the safety warnings and hazards attendant to the use and operation of the stand-up forklift.

12.  Evoqua failed to provide adequate training to Colon with respect to the operation of the stand-up forklift.

13.  Evoqua failed to describe the safety hazards and provide safety warnings to Colon with respect to the operation and use of the stand-up forklift.

14.  Colon used the stand-up fork lift sporadically, and only during the brief time he performed work at Evoqua.

15.  The failure of Evoqua to provide adequate training to Colon in the operation of the stand-up forklift was negligent.

16.  The failure of Evoqua to describe the safety hazards associated with the stand-up forklift, and to provide safety warnings to Colon with respect to the operation and use of the stand-up forklift was negligent.

17.  On or about September 24, 2018, Colon was involved in an accident while operating a stand-up forklift at the Evoqua warehouse in Tewksbury, MA.

18.  As a result of Evoqua's failure to train and instruct Colon with respect to the operation of the stand-up forklift, its failure to describe the associated safety hazards, and its effective failure to provide safety warnings and instructions to Colon, Colon sustained permanent and severe injuries including a Lisfranc fracture of the left foot, which ultimately required open reduction and internal fixation and extensive rehabilitation.

## Jurisdiction

19.  Jurisdiction over Evoqua Water Technologies, LLC is conferred under Massachusetts General Laws, c. 223A § 3, for transacting any business in the Commonwealth, contracting to supply services or things in the Commonwealth, causing tortious injury by an act or omission in the Commonwealth, causing tortious injury in the Commonwealth by an act or omission outside the Commonwealth while regularly doing or soliciting business or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth.

2

<u>**Count I**</u>
**(Negligence)**

20.    The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21.    As a result of the carelessness and negligence of the defendant, Colon was caused to sustain severe and permanent injuries, was caused to suffer and continues to suffer great pain of body and anguish of mind, was caused disability and was caused to incur and continues to incur medical expenses and was caused to be unable to carry out his usual daily activities, all to his great damage.

WHEREFORE, the plaintiff, Carlos Colon, prays judgment against the defendant, Evoqua Water Technologies Inc., in an amount to be determined by a jury, together with interest and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
The Plaintiff, Carlos Colon
By His Attorney,

*/s/ John B. DiSciullo*

John B DiSciullo (B.B.O. #634662)
Jdisciullo@mitchelldesimone.com
Mitchell & DeSimone
101 Arch Street
Boston, Massachusetts 02110
(617) 737-8300

Date:   May 26, 2021

3